**BOWLES, Price Administrator, v. MOTOR RADIO CO., Inc.**

No. 3505.

District Court, W. D. Missouri, W. D.

May 25, 1946.

Dick F. Bennett, Dist. Enforcement Atty., and Eugene F. O'Keefe and Harold Masters, Enforcement Attys., all of Kansas City, Mo., for appellant.

Clay C. Rogers, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The case has been substantially submitted on an agreed statement of facts. The plaintiff seeks to recover an overcharge for sales made, as alleged in violation of the maximum price regulations promulgated by the plaintiff Administrator. The defendant was engaged in the manufacture of a commodity described as a currency money clip. Such commodity was produced by the defendant in the interim between the manufacture of supplies for war purposes and its reconversion to peacetime activities.

In the complaint it is charged that, on May 26, 1945, the Administrator fixed a maximum price of $20 per dozen to jobbers for the article, and that, notwithstanding such fixed maximum ceiling price, the defendant, between the dates of June 11, 1945, and June 25, 1945, sold and delivered to the Gee-Lar Products Company of Chicago, Illinois, as a jobber, a total of 125 dozen or 1500 units of said commodity at a price of $24 per dozen, or an overcharge computed at $4 per dozen, being an aggregate of $500. The agreed statement shows the following facts as they occurred chronologically: On April 6, 1945, the defendant

applied to the plaintiff for a ceiling price on its product. Apparently the application involved a ceiling price both for sales to retailers and jobbers. The plaintiff did not immediately fix a ceiling price, with the result that, on May 3, 1945, the defendant entered into a sales contract with the said Gee-Lar Products Company of Chicago, Illinois, for the sale to it of 125 dozen or 1500 units at a price then agreed upon but subject to revision so as to conform to price regulations of the plaintiff Administrator. In the meantime the defendant proceeded to manufacture its product to fill the order. On May 26, 1945, the Administrator advised the defendant of a ceiling price as follows: $24 per dozen to retailers and $20 per dozen to jobbers. The contract between the defendant and its customer was made resilient and pliable so as to meet the ceiling prices prescribed by the plaintiff. The contract with the Gee-Lar Products Company contemplated that the sale and purchase of the product was being made for distribution as a retailer. The Gee-Lar Products Company proposed to give away singly the currency money clip to each of its customers for advertising purposes. At a later date its distributions not having disposed of all the products bought by it, the defendant was notified by the said Gee-Lar Products Company that it would dispose of the balance of the product in job lots. Thereupon the defendant advised its customer of a credit so as to meet the ceiling price of a jobber, namely, at $20 per dozen.

As indicated, these facts are substantially agreed upon.

1. A jobber is defined to be a merchant who buys and sells in job lots and is not a manufacturer, whereas, a retailer sells goods in small quantities or parcels, that is to say, one who deals in merchandise in smaller quantities than the quantities bought. According to these definitions, the defendant's customer in the first instance proposed to dispose of the product as a retailer, and, according to the evidence, did so initially with a large number of the units. Subsequently it changed from a retail status to that of a jobber. It was then, according to the agreed statement of facts, that the defendant conformed its contract to meet the ceiling price for a jobber and granted a credit to its customer. While not obliged to do so, yet the evidence indicates that a credit for the whole amount was granted to the customer upon the theory that all of the units were disposed of, or to be disposed of, in job lots.

2. The complaint asserts that: "* * * between the dates of June 11, 1945 and June 25, 1945, Defendant in violation of the aforesaid Section of the Regulation sold and delivered to the Gee-Lar Products Company of Chicago, Illinois, a total of 125 dozen or 1500 units of this commodity, * * *." The facts, as agreed upon, do not support this averment. The contract of sale was made on May 3, 1945, but deliveries were not made until after the promulgation of the ceiling sales price, and, as indicated, the defendant conformed its charges to the ceiling prices fixed by the plaintiff Administrator.

3. It is obvious from the foregoing that the defendant not only endeavored to conform to the maximum ceiling prices prescribed by the plaintiff Administrator but that it actually did so in the light of the facts as presented to it. It did not violate the law in selling to its customer for retail purposes at $24 per dozen. When advised that its customer had changed from a retail status to that of a jobber, it immediately conformed its contract to meet the new status of its customer. Under such circumstances there was not a violation of the ceiling price, and the plaintiff is not entitled to recover. Recovery should be denied and judgment entered for the defendant. It will be so ordered.